UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOWAN UPSHAW, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:20-cv-00118-JRG-SKL ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| *Defendant*. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Jowan Upshaw ("Plaintiff"), acting pro se, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her disability insurance benefits and supplemental security income. In November 2020, Plaintiff filed three identical motions seeking judgment in her favor [Doc. 19, Doc. 21, & Doc. 23]. On March 3, 2021, the Commissioner filed a motion with supporting memorandum [Doc. 30 & Doc. 31] asking the Court to reverse the administrative decision denying Plaintiff benefits, and to remand this case for further administrative review. The Commissioner indicates that, once the case is remanded by the Court, Plaintiff will be offered an opportunity for a new hearing, and the Social Security Administration will take "further action to complete the administrative record" and issue a new decision [Doc. 31 at Page ID # 1293].

Because the Commissioner is essentially asking the Court to grant the relief that Plaintiff seeks in her motions, and to expedite further administrative review of Plaintiff's claim for benefits, the undersigned finds it is unnecessary to wait for a response by Plaintiff to the Commissioner's motion. Instead, to expedite proper review, the Commissioner's motion should be granted.

Accordingly, I **RECOMMEND:**

(1) the Commissioner's motion for remand [Doc. 30] be **GRANTED** as set forth herein;

(2) Plaintiff's motions [Docs. 19, 21, & 23] be **TERMINATED AS MOOT**;

(3) the Commissioner's decision denying Plaintiff benefits be **REVERSED AND REMANDED** for further proceedings, including a fresh review of Plaintiff's claim for benefits in light of a complete and accurate record.

The parties are advised that *if* he or she objects to this Report and Recommendation, he or she must file objections within 14 days of the date this Report and Recommendation is entered.[1] Furthermore, the parties are advised that he or she may also notify the Court if he or she has no objections, which may expedite final consideration of this Report and Recommendation.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections must be served on the opposing party. Any objections must also conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusory, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).